UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JEFFREY LYNN FERGUSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:20-CV-253-JEM |
|  | ) |  |
| KILOLO KIJAKAZI,[1] | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 22]. Now before the Court are Plaintiff's Motion for Summary Judgment [Doc. 23] and Defendant's Motion for Summary Judgment [Doc. 25]. Jeffrey Lynn Ferguson ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Kilolo Kijakazi ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

I.     PROCEDURAL HISTORY

On November 9, 2018, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, claiming a period of disability that began on July 5, 2018 [Tr. 604–10].[2] After his application was denied initially and

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

[2] The Court notes that Plaintiff seems to have amended the disability onset date to November 1, 2020 [Tr. 448]. However, neither the Parties' nor the ALJ refer to this amendment.

upon reconsideration, Plaintiff requested a hearing before an ALJ [Tr. 517–18]. A telephonic hearing was held on June 4, 2020 [Tr. 443–72]. On June 25, 2020, the ALJ found that Plaintiff was not disabled [Tr. 15–26]. The Appeals Council denied Plaintiff's request for review on October 19, 2020 [Tr. 1–3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on December 8, 2020, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since July 5, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: prostate cancer, osteoarthritis, diabetes mellitus, neuropathy, hypertension, obstructive sleep apnea and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift and carry and push and pull 20 pounds occasionally and 10 pounds frequently, he can stand and walk 6 hours in an 8 hour workday, he can sit 6 hours in an 8 hour workday, he can climb ramps or stairs occasionally, he can never climb ladders, ropes or scaffolds, he can occasionally balance, stoop, kneel, crouch, and

---

In any case, the Court finds that this issue does not impact the Court's analysis or decision.

crawl, he can frequently perform overhead reaching with the bilateral upper extremities, and he can frequently handling finger with the right upper dominant extremity.

6. The claimant is capable of performing past relevant work as a Facilities Manager and Project Facilities Manager (Maintenance Supervisor). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 5, 2018, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 17–26].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the

3

Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court recently explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must

prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

V. **ANALYSIS**

Plaintiff argues that the ALJ's decision lacks the support of substantial evidence because the ALJ improperly evaluated Plaintiff's past relevant work, the ALJ improperly considered Plaintiff's allegations as to the extent and severity of his impairments, and the Appeals Council did not properly consider new evidence that Plaintiff asserts has a reasonable probability of altering the ALJ's decision. Thus, Plaintiff requests for the Court to reverse the final decision of the Commissioner and enter an immediate award of benefits for Plaintiff or remand for further proceedings and proper adjudication. The Commissioner argues that her final decision is supported by substantial evidence and should be affirmed. While the Court agrees that the ALJ erred at step four, the Court finds this error to be harmless because of the ALJ's alternative findings at step five. Furthermore, the Court finds that the ALJ's determination of Plaintiff's RFC and his analysis at step five are supported by substantial evidence. Finally, the Court finds that the new evidence does not warrant remand because it is immaterial.

   A.   **The ALJ's Consideration of Plaintiff's Allegations and RFC Determination**

Plaintiff argues that the ALJ failed to properly consider his allegations in determining his RFC. Plaintiff states that his alleged impairments—including being unable to lift a gallon of milk with the right hand, having limited strength in the hands, being able to stand in one spot for only five minutes, and being able to sit for only five to six minutes before having to stretch his legs— are supported by the diagnoses of his treating providers and physical examination findings and

would preclude all work activity.[3] Plaintiff contends that the ALJ's decision to reject the claimed limitations is not supported by the overall record, meaning that the ALJ's step five findings lack the support of substantial evidence. The Commissioner maintains that the ALJ properly considered Plaintiff's alleged impairments and that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

The ALJ found as follows:

> [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidenced and other evidence in the record for the reasons explained in this decision.
>
> As for the [Plaintiff's] statements about the intensity, persistence, and limiting effects of his symptoms, they are not entirely consistent with the objective record, nor are they entirely supported by the objective record.
>
> The medical evidence of record is inconsistent with and does not support the [Plaintiff's] allegations of disabling physical functional limitations due to prostate cancer, osteoarthritis, diabetes mellitus, neuropathy, hypertension, and obesity.

[Tr. 21].

The ALJ's decision is supported by the record, including the medical evidence, Plaintiff's reported daily activities, and the prior administrative medical findings. As for Plaintiff's reported daily activities, the ALJ noted in his decision that despite Plaintiff's allegations of impairments as to the use of his hand, he reported being able to go shopping in stores, he could count change, he could drive a car for transportation, he is able to complete some household chores, he is able to

---

[3] Plaintiff focuses his argument on the allegations "specifically related to the right upper extremity." [Doc. 24 at 16]. Thus, the Court has also focused its attention on the alleged right upper extremity impairments.

7

use a riding lawn mower, and he is able to prepare simple meals such as sandwiches [*Id.*]. Throughout his decision, the ALJ repeatedly refers to Plaintiff's reporting that he was able to drive, prepare simple meals, and hold books and newspapers. Plaintiff contends that the ALJ's reliance on these reported daily activities is flawed because Plaintiff testified that he would drive with his left upper extremity [Tr. 467] and indicated in his function report that he would only make sandwiches occasionally, once per week [Tr. 699–704]. The Court acknowledges that the ALJ may have overstated the extent to which Plaintiff used his right upper extremity in his daily activities. However, the ALJ also noted that Plaintiff reported some difficulty in completing personal care such as problems dressing and using the toilet, suggesting that the ALJ's consideration of Plaintiff's reported activities was not as one-sided as Plaintiff argues [Tr. 21].

The ALJ also relied on various other aspects of the record, including the medical evidence and the prior administrative medical findings, in making the RFC determination. Regarding the medical evidence, the ALJ stated:

> As to osteoarthritis, imaging studies including a Magnetic Resonance Imaging (MRI) study showed osteoarthritis of the AC joint associated with bone marrow edema and marginal osteophytes. Treatment notes indicate a poor grip with right hand and ulnar nerve impingement at his right elbow and a restricted range of motion. The claimant testified that he underwent surgery on his shoulder and right arm in February 2018 and he is unable to lift with his right upper extremity. However, at examination in September 2018, the claimant was found to have full range of motion and "excellent" strength. Nonetheless, in November 2018, the claimant was noted to have some nerve damage following his surgery and at later examinations including in December 2018, he was noted to have decreased strength in his right upper extremity.

[*Id.* (citing [Tr. 1661, 1621, 1681, 1684, 1687, 1812, 1615, 458, 1609–10, 1648, 1615, 1617])].

The ALJ also reviewed and relied on the prior administrative medical findings. The ALJ noted that, at the request of the SSA, Plaintiff's medical records were reviewed by non-treating

8

medical professionals Michael Ryan, M.D. ("Dr. Ryan"), and Shakra Junejo, M.D. ("Dr. Junejo"), in June 2019 and September 2019 respectively [Tr. 23 (citing [Tr. 481–84 & 496–99])]. The ALJ considered that "Drs. Ryan and Junejo stated the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently, can sit, stand and walk 6 hours in an 8 hour workday, can occasionally climb ladders, ropes, and scaffolds, can frequently perform all other postural movements, and can frequently perform overhead reaching with the bilateral upper extremities, and can frequently perform fingering and handling with the right upper extremity." [Tr. 23–24 (citing same)]. The ALJ found that the findings of Drs. Ryan and Junejo were consistent with the objective record [Tr. 24]. The ALJ elaborated, "[f]or example at examination in September 2018, the claimant was found to have full range of motion and 'excellent' strength, and he was able to regularly engage in many activities of daily living that require the use of one's upper extremities . . . ." [*Id.* (citing [Tr. 698–704, 1609–10, 1648])]. The ALJ also noted that "Drs. Ryan and Junejo supported their findings with a review of the evidence available to that time as well as an extensive narrative explaining the prior administrative medical findings and providing citations to the objective record." [*Id.*]. Thus, the ALJ found the medical findings of Drs. Ryan and Junejo to be persuasive.

Plaintiff references various aspects of the record that could evidence Plaintiff being more impaired than what was set forth in the RFC. Plaintiff, however, does not refer to the prior administrative medical findings of Drs. Ryan and Junejo in his brief, and the Court finds that the ALJ's reliance on these opinions was appropriate, as he reviewed them in accordance with the relevant SSA rules regarding evaluating opinion evidence and prior administrative medical findings.[4] The Court has considered that Drs. Ryan and Junejo were privy to substantially the

---

[4] Because Plaintiff's claim was filed after March 27, 2017, the SSA's new regulations for evaluation of medical opinion evidence apply to this claim. *See Revisions to Rules Regarding the*

9

same evidence that the ALJ utilized in his decision and that Plaintiff refers to for his argument that the RFC lacks the support of substantial evidence. That includes both the hearing testimony and the function report wherein Plaintiff reported using his upper right extremity less than what was stated by the ALJ in his decision.

Even assuming there is evidence that could support a finding of greater limitations for Plaintiff, that does not mean the ALJ's decision lacked the support of substantial evidence. Although Plaintiff would interpret the evidence differently, the Court finds that the ALJ's determination was within his "zone of choice." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (holding that "[t]he substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way" and that as long as substantial evidence supports the ALJ's finding, the fact that the record contains evidence which could support an opposite conclusion is irrelevant (quotations omitted)); *see Huizar v. Astrue*, No. 3:07-CV-411-J, 2008 WL 4499995, at *3 (W.D. Ky. Sept. 29, 2008) ("While plaintiff understandably argues for a different interpretation of the evidence from that chosen by the ALJ, the issue is not whether

---

*Evaluation of Medical Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. Under the new revised regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative findings, including those from your medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner will "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings using the following factors: 1) supportability; 2) consistency; 3) the source's relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; 4) the source's specialized area of practice; and 5) other factors that would tend to support or contradict a medical opinion, including but not limited to evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520(a), (c)(1)-(5). Supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2). As is detailed in this opinion, the ALJ addressed the consistency and supportability factors, and the Court finds substantial evidence exists to support the ALJ's evaluation of the prior administrative medical findings.

substantial evidence could support a contrary finding, but simply whether substantial evidence supports the ALJ's findings."). In his decision, and as discussed above, the ALJ appropriately relied on the medical evidence, the prior administrative medical findings, and Plaintiff's reported daily activities.

The Court therefore finds that the ALJ's final determination of Plaintiff's RFC and his analysis at step five are supported by substantial evidence. Plaintiff has not shown that remand is warranted on this basis.

      **B.**      **The ALJ's Evaluation of Plaintiff's Past Relevant Work**

Plaintiff contends that the ALJ's evaluation of his past relevant work was improper. Plaintiff relates that the ALJ determined he has past relevant work as a Facilities Manager, Dictionary of Occupational Title ("DOT") #638.281-014, SVP 7, heavy exertion, performed as very heavy and Project Facilities Manager (Maintenance Supervisor), DOT #189.167-014, SVP 7, light [Doc. 24 at 13 (citing [Tr. 24])]. The ALJ found that Plaintiff could perform both jobs as actually and generally performed, [Tr. 24], and the ALJ made these findings despite limiting Plaintiff to a range of light exertional work [Tr. 20]. Thus, according to Plaintiff, the ALJ clearly erred by finding Plaintiff could work as a Facilities Manager, an occupation requiring heavy to very heavy exertion. Plaintiff further contends that the DOT number for the Project Facilities Manager given by the ALJ in his decision does not match the number provided by the vocational expert ("VE") during the disability hearing [Tr. 24, 454], meaning the ALJ's step four determination that Plaintiff could return to past relevant work is flawed in this respect as well. Finally, Plaintiff contends that the ALJ failed to consider whether his past relevant work constituted composite jobs as defined by the DOT.

11

The Commissioner agrees with Plaintiff that the ALJ erroneously evaluated Plaintiff's past relevant work, specifically the finding that Plaintiff is capable of returning to work at a job precluded by his RFC and failing to consider whether a job was a composite job. Yet, according to the Commissioner, the ALJ's errors at step four are harmless because he provided alternative findings at step five of the sequential evaluation [Tr. 24–25].

Given the parties agreement that the ALJ erroneously evaluated Plaintiff's past relevant work, further discussion of the step four issues is unnecessary. The Court, however, finds that this error is harmless because the ALJ made appropriate alternative findings at step five [Tr. 25].

With respect to step five, the ALJ stated that the VE testified that an individual with the same age, education, work experience, and RFC as Plaintiff would be able to perform the requirements of representative occupations, including:

> Small Parts Assembler, DOT #706.684-022, SVP 2, light, 91,000 jobs available in the national economy;
>
> Electronic Worker, DOT # 726.687-010, SVP 2, light, 41,000 jobs available in the national economy;
>
> Cashier II, DOT #211.462-010, SVP 2, light, 1,100,000 jobs available in the national economy.

[*Id.*]. The ALJ determined that the VE's testimony was consistent with the information contained in the DOT and found that the VE's testimony as to Plaintiff's reaching, handling, and fingering was based on the VE's education and experience [*Id.*]. Thus, the ALJ accepted the VE's testimony and further found that it complied with the relevant SSR rules [*Id.*]. In doing so, ALJ concluded that, based on the VE's testimony and in consideration of Plaintiff's age, education, work experience, and RFC, Plaintiff could make a successful adjustment to other work existing in

significant number in the national economy; therefore, Plaintiff was not disabled under the SSA's rules [Tr. 26].

The Court has already determined that the ALJ's RFC finding and step five analysis were appropriate and are supported by substantial evidence, and this includes the ALJ's alternative findings at step five, wherein he determined that Plaintiff would be capable of performing work as a Small Parts Assembler, an Electronic Worker, or as a Cashier II and that work existed in significant numbers in the national economy. *See Collins v. Comm'r of Soc. Sec.* 116 F.3d 1480 (Table), at *1 (6th Cir. 1997) ("It is perfectly acceptable for administrative law judges to make alternative findings . . . ."); *Demarco v. Comm'r of Soc. Sec.*, 4:17 CV 1376, 2018 WL 3616258, at *3 (N.D. Ohio July 30, 2018) (quoting *Collins* for same); *see also McCoy v. Comm'r of Soc. Sec.*, No. 2:13-cv-1088, 2014 WL 4377801, at *7 (S.D. Ohio Sept. 3, 2014) (citing *Lagore v. Comm'r of Soc. Sec.*, 4:12CV2626, 2014 WL 1383339, at *17 (N.D. Ohio Apr. 8, 2014)). In addition, the VE's testimony constitutes substantial evidence to support the ALJ's finding that Plaintiff is capable of performing a significant number of jobs existing in the national economy at step five, even if he cannot perform his past relevant work. Thus, the Court finds that any error at step four is harmless. Remand of Plaintiff's case is not warranted on this basis.

### C. New Evidence Submitted After the ALJ Issued His Decision

Plaintiff contends that new evidence emerged following the ALJ's decision that was not properly considered by the Appeals Council and which has a reasonable probability of altering the ALJ's decision. Specifically, Plaintiff relates that the new records contain a hospital admission from September 24, 2020, through October 9, 2020 [Tr. 358]. Plaintiff argues that this visit was for similar complaints and conditions as those from a prior admission on January 20, 2020. Plaintiff points to the ALJ's statement that, "[t]he record indicates that [the January 20, 2020 event]

13

was a single event and that this condition causes any more than generally minimal vocationally relevant limitations, has not lasted or is not expected to last for a continuous period of 12 months or more, was not diagnosed by a treating medical service provider or an acceptable medical source, or is not expected to result in death." [Tr. 18]. Plaintiff claims that the addition of the September 2020 records invalidates the ALJ's finding that the January 2020 visit was a single episode without a diagnosis by a treating provider and argues that this evidence creates a reasonable probability that the ALJ would have reached a different disability determination.

The Commissioner argues that Plaintiff has misstated when the new evidence was submitted to the Appeals Council, as it was not submitted until after the Appeals Council denied Plaintiff's request for review. Despite the timing issue, the Commissioner asserts that Plaintiff has failed to show that two separate and distinct pneumonia infections would create a reasonable probability that the ALJ would have arrived at a different decision because such evidence is immaterial.

As a threshold matter, the Court cannot reverse the ALJ's decision based on evidence that was not presented to the ALJ. *Sutton v. Soc. Sec. Admin.*, No. 09-2288, 2011 WL 9482974, at *3 (6th Cir. Apr. 5, 2011) (citing *Cotton v. Sullivan*, 2 F.3d 692, 695–96 (6th Cir. 1993)); *see Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 472–73 (6th Cir. 2014) ("We have repeatedly refused to consider evidence submitted after the ALJ issued his decision when reviewing that decision for substantial evidence under 42 U.S.C. § 405(g)." (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001))). The Court can, however, remand a case for further consideration of a claim in light of new evidence, pursuant to sentence six of 42 U.S.C. § 405(g). Such remand "is appropriate 'only if the evidence is "new" and "material" and "good cause" is shown for the failure to present the evidence to the ALJ.'" *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 509 (6th Cir. 2013)

14

(quoting *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010)); *see* 42 U.S.C. § 405(g) ("The court may . . . remand the case to the Commissioner . . . and it may at any time order additional evidence to be taken before the Commissioner . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .").

"'New' evidence is evidence 'not in existence or available to the claimant at the time of the administrative proceeding . . . .'" *Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F. App'x 637, 647 (6th Cir. 2013) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). Evidence is material if it creates "a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (quoting *Sizemore v. Sec'y of Health Hum. Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)). "'Good cause' is demonstrated by 'a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.'" *Johnson*, 535 F. App'x at 509 (quoting *Foster*, 279 F.3d at 357). "The claimant bears the burden of showing that all three requirements have been met in order to obtain a remand." *Sutton*, 2011 WL 9482974, at *3 (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)).

The Commissioner argues that the new evidence is not material, and the Court finds that materiality is the critical issue in this case. The evidence is "new" for purposes of a remand under sentence six, as it did not exist at the time the ALJ issued his decision. "Good cause" existed for not including the evidence earlier because the evidence's non-existence would qualify as a "reasonable justification" for it not being presented to the ALJ at the hearing level. *See Foster*, 279 F.3d at 357. For the reasons below, the Court finds the new evidence is not material.

In his decision, the ALJ noted that Plaintiff "alleged disability due to a hypoxic event,

15

stated in the record as acute respiratory failure, which resulted in an inpatient stay from January 21, 2020 to January 20, 2020." [Tr. 18]. The hypoxic event occurred while Plaintiff was doing household chores cleaning out a barn and burning pesticides [Tr. 1771]. The ALJ related that treatment notes from during and after Plaintiff's hospital stay indicated his lunges were clear to auscultation bilaterally with low volumes, but were otherwise unremarkable [Tr. 1774, 1779, 1801]. Plaintiff was discharged on January 30, 2021 [Tr. 1770]. The ALJ determined that

> The record indicates that this was a single event and that this condition causes any more than generally minimal vocationally relevant limitations, has not lasted or is not expected to last for a continuous period of 12 months or more, was not diagnosed by a treating medical service provider or an acceptable medical source, or is not expected to result in death. Overall, the record contains a general lack of evidence that would indicate significant motor strength or sensation deficits in the claimant's lower extremities. Additionally, acute respiratory failure is generally a symptom of a disorder and not a disorder in itself.

[Tr. 24 (citing [Tr. 1770–79, 1943])]. Thus, the ALJ found that the alleged disability due to the hypoxic event and/or acute respiratory failure was not a medically determinable impairment.

The ALJ noted as one basis for his determination that Plaintiff's alleged acute respiratory failure was not a medically determinable impairment that it was not expected to last for a continuous period of 12 months or more [Tr. 24]. *See* 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.") This conclusion finds support in the medical evidence. For example, Plaintiff's discharge summary, dated January 30, 2020, indicated that his lung function "has much much improved since admission" [Tr. 1771]. In the discharge summary for the second event, dated October 9, 2020, it was noted that Plaintiff "[c]ontinues to improve doing well on room air" [Tr. 358], and reports from October 12, 2020, indicated that Plaintiff reported

16

"improved symptoms" and "[f]ollow up testing was not felt to be needed." [Tr. 364]. In addition, on a follow up physical examination, Plaintiff's breathing was noted to be unlabored and he had normal breath sounds [Tr. 375].

In sum, the new evidence seems to support a finding that Plaintiff experienced an additional, non-durational impairment with the second pneumonia infection. As such, the Court finds that there is not a "reasonable probability" that the Commissioner would have reached a different disposition regarding Plaintiff's disability claim were the new evidence to be considered. *See Schmiedebusch*, 536 F. App'x at 647. Therefore, remand is not warranted on this basis.

## VI. CONCLUSION

Based on the foregoing, the Court will **DENY** Plaintiff's **Motion for Summary Judgment** [**Doc. 23**], and **GRANT** the Commissioner's Motion for Summary Judgment [**Doc. 25**]. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

Jill E. McCook
United States Magistrate Judge